UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWIN DEJESUS and MARIA L. CARTAGENA,
        Plaintiffs,

                                            11: cv 11563-WGY

v.

BERTSCH, INC. and PARK CORPORATION,
        Defendants.


## STIPULATED CONFIDENTIALITY ORDER

WHEREAS, Plaintiffs Edwin DeJesus and Maria L. Cartagena and Defendant Park Corporation, by their respective undersigned attorneys, jointly move for and stipulate, along with Mega Manufacturing, Inc., to this Confidentiality Stipulation and respectfully request the Court to enter a corresponding Protective Order consistent with Federal Rule of Civil Procedure 26:

1.    This Confidentiality Stipulation (hereinafter "Stipulation") shall apply to all information, documents, and things subject to discovery in this Action (as defined below) which are conveyed by either **Mega Manufacturing, Inc. or related entities** (hereinafter "Mega") or **Park Corporation or related entities** (hereinafter "Park") to another party (hereinafter "receiving party") in this Action, including, without limitation, all portions of transcripts of deposition testimony, exhibits, Answers to

Interrogatories, Responses to Requests for Admissions, documents, photographs or things, including any excerpt, index, descriptions, copy, summary or abstract thereof (hereinafter "DISCOVERY MATERIALS"). For the purposes of this Stipulation, Mega or Park shall be considered the "conveying party" for information, documents, and things that party conveys, and each shall be treated as such subject to any specific provisions contained herein that refer to Mega or Park respectively. "CONFIDENTIAL MATERIALS" are any DISCOVERY MATERIALS that contain trade secrets or other confidential research, development, financial, corporate, or other commercial information of the conveying party. "Action" for purposes of this Stipulation shall mean the case filed at 1:11-cv-11563-WGY in the United States District Court for the District of Massachusetts regardless of the identity of the defendant(s), or in any other case relating in any fashion to the alleged injuries suffered by Edwin DeJesus and Maria Cartagena, including cases involving issues of contribution, indemnity, or the like with regard to these injuries.

2. Subject to the terms set forth below, all CONFIDENTIAL MATERIALS and information contained therein, produced by Mega or Park shall be used by the parties receiving this information solely for the purposes of preparing for and conducting this Action, and the information shall not be used for any other purpose.

3. Mega shall not be required to mark the materials it provides as "CONFIDENTIAL" but rather there shall be a presumption that such materials made available for inspection, whether or not copied, shall be CONFIDENTIAL MATERIALS so as to not burden Mega with the expense of making such designations in the first instance.

4. Park shall mark the materials it provides that are CONFIDENTIAL MATERIALS as "CONFIDENTIAL."

5. The parties recognize that in order to assist in the preparation of their case, the receiving party may desire to utilize the service of experts or consultants, whose advice and consultation are being or will be used by such party in connection with the conduct of this litigation. Counsel desiring to disclose CONFIDENTIAL MATERIALS to such experts or consultants shall first obtain a signed undertaking of each such expert or consultant who may require access to CONFIDENTIAL MATERIALS, in the form of Exhibit "A" attached hereto (the "Expert Confidentiality Pledge"). CONFIDENTIAL MATERIALS may be shown to an expert or consultant after such expert or consultant signs the Expert Confidentiality Pledge. Any and all signed original Expert Confidentiality Pledges shall be maintained by counsel, but need not be produced to opposing counsel absent an Order of Court. This provision is designed to permit counsel to utilize the services of experts and consultants without first revealing the identity of those experts or consultants to opposing counsel.

6. CONFIDENTIAL MATERIALS shall be made available to counsel only as provided below, and any other parties on the basis as described further below. For the purposes of this Stipulation, "counsel" who shall have access in the manner provided to CONFIDENTIAL MATERIALS shall mean the partners, and associates of any law firm that represents a party to this Action, in-house counsel for any party, and stenographic, clerical and paralegal employees of those attorneys whose functions require access to CONFIDENTIAL MATERIALS. With regard to Park, Park employees assisting in the preparation of the case shall have access to any documents or other materials that were provided to Mega by Park in relation to the 2003 asset sale to Mega.

7. CONFIDENTIAL MATERIALS shall not be made public by counsel or persons entitled access to CONFIDENTIAL MATERIALS under this Stipulation, unless they become a part of the public record of this Action other than through conduct in breach of this Stipulation, and shall not be disclosed to anyone other than the Court and the persons entitled access to CONFIDENTIAL MATERIALS under this Stipulation. To the extent it is necessary to file CONFIDENTIAL MATERIALS with the Court in connection with proceedings in this Action, such CONFIDENTIAL MATERIALS shall be filed with the Clerk of the Court prominently marked with the caption of this case, an indication of the general nature of the contents, and an appropriate designation such as:

"CONTAINS CONFIDENTIAL INFORMATION TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT."

If necessary to implement this or any other portion of the Stipulation, all parties shall join in a joint motion requesting the Court permit pleadings and exhibits to be handled by the Court consistent with the language and intent of this Stipulation.

8. CONFIDENTIAL MATERIALS may be used in motion papers, at any motion hearing, in testimony at trial, and may be offered in evidence at trial or at any motion hearing, all subject to the provisions of this Stipulation and to any further order regarding confidentiality as this Court may enter, and may be used to prepare for discovery, to conduct discovery, to prepare for trial, and to support or oppose any motion, all subject to the provisions of this Stipulation. CONFIDENTIAL MATERIALS may also be used at depositions and may be disclosed to a witness at a deposition or at trial who is not a person entitled access to CONFIDENTIAL MATERIALS under this Stipulation.

9. The acceptance by a party of CONFIDENTIAL MATERIALS shall not constitute an admission or concession or permit an inference that such are, in fact, confidential. This Stipulation shall not foreclose any of the parties from moving for an order of this Court that materials are, in fact, not confidential. On such motion, the party asserting confidentiality shall

have the burden or proving that the material in question is within the scope of protection afforded by Fed. R. Civ. P. 26.

10. It is understood and agreed by the parties that the Court has jurisdiction over the matters referenced in the Stipulation and all parties consent to enforcement of the Stipulation by the Court. This Stipulation shall not prevent either of the parties or any third party from applying to the Court for relief there from, or from applying to the Court for a protective order, or from agreeing between themselves in writing, to modification of this Stipulation. This Stipulation shall not preclude the parties from enforcing their rights against any other party or any third party believed to be violating their rights.

11. In the event that the parties desire to provide access to or disseminate CONFIDENTIAL MATERIALS to any person not otherwise entitled to access under this Stipulation, they may move for an order of this Court that such person be given access thereto. In the event that the motion is granted, such person may have access to CONFIDENTIAL MATERIALS after first signing an undertaking in the form of Exhibit "A" attached hereto, a copy of which shall be forwarded promptly thereafter to opposing counsel.

12. Nothing in this Stipulation shall require disclosure of materials which the conveying party contends is protected from disclosure by the attorney-client privilege or the work-product immunity or of material the

disclosure of which might constitute a breach of an Stipulation with a third party. This Stipulation shall not preclude any party from moving the Court for an order directing the disclosure of such material.

13. Restrictions and obligations set forth herein relating to CONFIDENTIAL MATERIALS and to DISCOVERY MATERIALS shall not apply to any information which: (i) the conveying party agrees, or the Court rules, is already public knowledge; (ii) the conveying party agrees, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party; (iii) was already known to the receiving party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another, which knowledge is established by pre-production documentation; or (iv) has come or shall come into the receiving party's legitimate possession independently of the conveying party under conditions such that its use and/or public disclosure by the receiving party would not violate some obligation to another. Such restrictions and obligations shall not be deemed to prohibit discussions with any person of CONFIDENTIAL MATERIALS if said person already has or obtains legitimate possession thereof, without restrictions, which could independently prohibit such discussion. Unless it is unambiguously clear from the face of the document, Answer or testimony that it is not "CONFIDENTIAL MATERIAL" any party seeking to treat it as other than confidential shall first notify counsel for the party

that produced the document, answer or testimony of his/her intention to do so and allow appropriate time for that party to object to its disclosure.

14. This Stipulation does not preclude Mega or Park from seeking an Order of the Court that documents provided by others prior or subsequent to the entry of this Stipulation shall be designated CONFIDENTIAL.

15. Upon final termination of this Action, each receiving party shall either return to the conveying party all CONFIDENTIAL MATERIALS in their possession, custody or control, or shall otherwise dispose of such CONFIDENTIAL MATERIALS in a manner agreeable to the conveying party and each receiving party.

The Plaintiffs, Edwin DeJesus and Maria L. Cartagena, by their Attorneys,

SUGARMAN ~~LAW FIRM, LLP~~ and Sugarman, P.C.

_____
W. Thomas Smith, Esquire
Benjamin R. Zimmerman, Esquire
One Beacon Street
Boston, MA 02128
(617) 542-1000

The Defendant, Park Corporation, by its Attorneys,

BUCHANAN INGERSOLL & ROONEY PC

_____
Stanley Yorsz, Esquire
Bradley J. Kitlowski, Esquire
301 Grant Street
20th Floor, One Oxford Centre
Pittsburgh, PA 15219
(412) 562-8800

Mega Manufacturing, Inc., by its Attorneys,

TUCKER HEIFETZ & SALTZMAN, LLP

_____
Scott J. Tucker, Esquire
100 Franklin Street
Boston, MA 02110
(617) 557-9696

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____            _____
                                    William G. Young
                                    U.S. District Judge